Havis, J
This was an action to recover damages for personal injuries sustained by appellee in operating a saw in appellants’ factory.
The only question discussed is the assignment of error that the court below erred in overruling appellants’ motion for a new trial.
It is alleged in the complaint that appellants owned and operated a factory for making boxes; that “the machinery was run by a small portable boiler, which furnished, when run to its full capacity, barely sufficient power to operate the saws in a safe and proper manner;” that a few days prior to the injury, appellants employed an engineer to run the engine and boiler; “that said engineer was wholly inexperienced and had had but little, if any, experience in running machinery of the kind named, and no experience in running or operating said boiler,” which facts were well known to appellants; that said engineer, by reason of his incompetency and inexperience, allowed the steam to run down in said boiler, by which the power ran *699 down and became insufficient to run the saws in said factory, one of which was being operated by appellee, and by reason of the decrease in the power, caused the speed of the saw, operated by appellee, to be so reduced that it caught the material being sawed by appellee and threw his hand against said saw.
The charge in the complaint is that appellee was injured through the negligence of the engineer in not keeping up a proper rate of speed of the saw appellee was operating. The only charge against appellants is that they were negligent in employing an incompetent and unskillful engineer, knowing him to be incompetent. It may be conceded that appellants can not be held liable in this action for appellee’s injury, even if it was caused by the negligence of the engineer, unless the engineer was incompetent and unskillful, and the appellants knew of this incompetency and unskillfulness and appellee was ignorant of this fact.
The sole contention of counsel for appellants on this appeal is that there is no evidence whatever in the record tending to prove that appellants negligently employed or retained an incompetent and unskillful engineer to run the boiler and engine, knowing him to be incompetent.
In the light of the argument of counsel we have carefully read the voluminous record of the evidence, and although in some respects the evidence is neither clear nor satisfactory, we find some evidence, at least, fairly tending to prove that appellee was injured on the second day of his service for appellant; that McMullen, the engineer in charge of the engine on this occasion, was negligent and careless in the discharge of his duties, and that before the accident, without just cause, he left his post of duty and allowed the power to go down; that he had been in the service of appellants for three years brick making, off-bearing, in the saw mill, and working in their yards sticking lumber, and doing first one thing and then another; that he had occasionally had charge, temporarily, for a short time, of the engine when the engineer was out; that at the time of appellee’s injury, and for several days prior thereto, the regular engineer was sick, and that on this occasion McMullen was running the engine temporarily until he recovered; that he had no experience as an engineer, except as above indicated, and the additional circumstance that he had been around and about the engine more or less when it was in charge of the regular engineer, and considered himself fully qualified to run it; that prior to the accident, he started the pumps in the engine without turning the proper valves, and burst the pumps; that appellants called Mr. Oox to assist him in fixing the pumps.
All the facts and circumstances in connection with the experience and qualifications of McMullen as an engineer, and of the knowledge of appellants in relation to his competency and skillfulness were before the jury. They saw him, and also the appellants on the witness stand, and heard them testify, in relation to his experience and qualifications as an engineer, and to the facts in relation to his employment, and were in much better position to determine the question as to his qualifications, and the care exercised by them in his employment than this court is. The jury on the facts and circumstances disclosed by the evidence, evidently reached the conclusion that the engineer was incompetent, and that appellants had failed to exercise due care in employing him, and this conclusion has in its support the approval of the trial judge, who also saw and heard the living witnesses on whose testimony this conclusion was based.
It does seem to us that the evidence on this proposition was not *700 strong, and, perhaps, if the question was an open one before us we might reach a different conclusion, but we would not be authorized, under the long established rule which prevails in this State, in saying that there is no evidence in the record fairly tending to support the inferences drawn by the jury and the trial judge, that the engineer was incompetent, and that appellants knew, or in the exercise of ordinary care should have known, that he was incompetent, and that his negligence as the result of such incompetency was the proximate cause of appellee’s injury.
Filed Dec. 12, 1894.
There is no reversible error shown by the record on the question presented.
Judgment affirmed.